```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


VINCENT C. FLEETON                         CIVIL ACTION

VERSUS                                     NO. 05-2978

MARQUETTE TRANSPORTATION CO., INC., ET AL. SECTION "A"(5)
```

### ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 26)** filed by defendants Bluegrass Marine, Inc. and MEMCO Barge Line, LLC.  Plaintiff Vincent Fleeton opposes the motion.  Defendants have submitted a reply memorandum.  The motion, set for hearing on April 19, 2006, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is DENIED.

**I.   BACKGROUND**

On or about November 18, 2004, Vincent Fleeton ("Plaintiff") was a member of the crew of the M/V THOMAS ERIKSON.  Plaintiff worked aboard the vessel as a deckhand.  The ERIKSON was owned and operated by defendant Bluegrass Marine, Inc., who also employed Plaintiff.  Plaintiff alleges that he sustained back, shoulder, and

neck injuries when he slipped during a rain storm on the steel deck of a MEMCO barge that was being towed by the THOMAS ERIKSON. Plaintiff is suing under the Jones Act and general maritime law (negligence, unseaworthiness, and maintenance and cure).

Defendants now move for partial summary judgment as to Plaintiff's claims of negligence and unseaworthiness.

**II.   DISCUSSION**

Defendants have submitted portions of Plaintiff's deposition testimony. Defendants assert that Plaintiff's testimony confirms that the cause of his fall was a rain-wet deck. Defendants also point out that Plaintiff conceded in his deposition that Defendants had provided appropriate gear and that the crew did not in any way contribute to his fall.

In opposition, Plaintiff argues that Defendants have improperly supported their motion for summary judgment with legal conclusions made by the Plaintiff at his deposition. Plaintiff has submitted his affidavit, which he contends does not contradict his deposition testimony, to demonstrate that Defendants are not entitled to summary judgment. Plaintiff argues that the absence of certain precautionary measures is indicative of negligence and unseaworthiness and that Plaintiff should have the opportunity to present his case to the jury.

Summary judgment is appropriate only if "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The Court concurs with Plaintiff's suggestion that summary judgment based solely upon the lay opinions given at his deposition

would be inappropriate.  Even without the benefit of Plaintiff's opposition the Court was reluctant to deprive Plaintiff of his day in court based solely upon the evidence presented.  A jury of lay persons, properly instructed on the governing law, can best decide whether any act or omission by Defendants is legally actionable. For now, the Court is not persuaded that Defendants are entitled to judgment as a matter of law on the facts presented.

Accordingly;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 26)** filed by defendants Bluegrass Marine, Inc. and MEMCO Barge Line, LLC. should be and is hereby **DENIED**.

New Orleans, Louisiana this 19th day of April, 2006.

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT COURT